UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 08-20400-CR-GRAHAM/TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MAURICE DORVILUS,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon a review of the record. Trial in this cause was held from August 12-13, 2008, whereupon a jury found the Defendant guilty of Count 1 in the Indictment. Prior to trial, Defendant filed Objections to the Magistrate [Judge's] Report and Recommendation Denying His Motion to Suppress and Request for a De Novo Hearing as to Det. Diaz [D.E. 46]. The issues concerning the Magistrate Judge's Report ultimately became moot due to the proceedings at trial. Nevertheless, this Order follows to clarify the record concerning the suppression issues.

### I.   DISCUSSION

Defendant was charged with knowingly possessing a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(e). Defendant moved to suppress all photographs seized from his iPhone and post-arrest statement allegedly made to law enforcement regarding the photographs. The motion was referred to the Magistrate Judge and

a two-day hearing was held on July 2-3, 2008. The Magistrate Judge issued a Report and Recommendation (the "Magistrate Judge's Report") [D.E. 42], recommending that the Defendant's motion to suppress be denied. Defendant filed objections and, prior to the start of trial, the Court heard further argument from the parties. At that time, the Court determined that the home screen photograph would be admissible pending a ruing on the Defendant's Motion in Limine to Preclude the Photographs [D.E. 49]. Moreover, the remaining photographs would also be subject to the Motion in Limine.

While the Court is mindful that the application of the search incident to arrest doctrine as applied to an iPhone and PDA's, in general, is an evolving area of the law, the Magistrate Judge's Report is correct based on the relevant case law and the unique facts of this case. Accordingly, the Magistrate Judge's Report is adopted in its entirety nun pro tunc to the date of the commencement of trial; August 12, 2008.

Notwithstanding the foregoing, the ruling on the motion to suppress was effectively mooted by the proceedings during trial. Specifically, during trial the Court heard argument on the pending motions in limine and essentially engaged in a Rule 404(b) analysis. To be admissible under 404(b), evidence of prior bad acts must withstand a three-part test:

>  (1) the evidence must be relevant to an issue other than defendant's character;
>
>  (2) the probative value must not be substantially outweighed by its undue prejudice; and
>
>  (3) the government must offer sufficient proof so that the jury could find that defendant committed the act.

United States v. Ellisor, 522 F.3d 1255, 1267 (11th Cir. 2008). Moreover, in assessing the probative value of the extrinsic evidence, the court considers the government's incremental need for the evidence to prove guilt beyond a reasonable doubt. Id. at 1268; see also United States v. Beechum, 582 F.2d 898, 914 (5th Cir. 1978) ("[I]f the Government has a strong case on the intent issue, the extrinsic offense may add little and consequently will be excluded more readily. If the defendant's intent is not contested, then the incremental probative value of the extrinsic offense is inconsequential when compared to its prejudice; therefore, in this circumstance the evidence is uniformly excluded.") (internal citations omitted).

The Court and the parties had an extensive exchange at the beginning of trial. Because the Court declined to rule in a vacuum, it determined that it was better to consider the Rule 404(b) analysis upon further evaluation of the evidence.[1] The case

---

[1] The Court expressed: "I don't know what the defense is going to be. Maybe it is better to wait and see, but if there's some challenge, as [the defense] has suggested, then it seems . . That the firearm on the face page would be relevant. But in a vacuum,

3

proceeded and although the Government repeatedly sought to introduce the photographs on a number of theories, the Court denied the request, finding that the Rule 404(b) analysis precluded introduction at that stage of the proceedings since the Defendant had not denied possession of the firearm. [See D.E. 71 at 126:2-17.] In particular, the Court was concerned about (i) whether the evidence was relevant to an issue other than defendant's character and (ii) whether the probative value was substantially outweighed by the photographs undue prejudice because the photographs revealed that Defendant may have possessed a firearm on a prior occasion. This was the ultimate issue for the jury on the occasion alleged in the Indictment.

Accordingly, the issues concerning the Defendant's motion to suppress the iPhone photographs became moot because the photographs were not received in evidence during the trial.

## II. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Objections to the Magistrate Judge's Report [D.E. 46] are **OVERRULED**. It is further

**ORDERED AND ADJUDGED** that the Magistrate Judge's Report and Recommendation [D.E. 42] is **AFFIRMED, ADOPTED AND RATIFIED** in its entirety nunc pro tunc to August 12, 2008.

---

if there is testimony by the government about the arrest and seizure and there is no substantial evidence controverting that fact, then maybe it wouldn't be necessary . . . . [L]et me just evaluate it and determine it later. [See D.E. 70 at 18:22-19:5 ].

DONE AND ORDERED in Chambers at Miami, Florida, this 16th day of December, 2008.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: U.S. Magistrate Judge Torres
    Counsel of Record